UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------  X
GOLDSTAR MEDICAL CORP.,                                      :
                                                            :
                            Plaintiff,                       :
                                                            :
              -against-                                      :        Case No. 07 CV 11269
                                                            :
CAPRIUS, INC. and MCM ENVIRONMENTAL                         :
TECHNOLOGIES, INC.                                           :
                                                            :
                            Defendants.                      :
-----------------------------------------------------------  X


**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**


Dated:  New York, New York
         March 21, 2008


                                   THE BOYD LAW GROUP, PLLC
                                   Patrick J. Boyd
                                   Attorneys for Defendants
                                   230 Park Avenue, Suite 1000
                                   New York, New York 10169
                                   Telephone: (212) 808-3054
                                   Facsimile:  (212) 808-3020

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................**Error! Bookmark not defined.**

STATEMENT OF FACTS ............................................................................ 2

ARGUMENT ............................................................................................. 3

    I.   Defendants' Motion to Dismiss is Based on Conclusory

       Allegations That are Premature at This Pre-Discovery Juncture ........................... 3

        i.   Defendants' Limited Presentation of Facts Fails to Defeat Plaintiff's

           Jurisdictional Claim to a Legal Certainty ...................................................... 4

    II.  Plaintiff is Willing to Withdraw its Claims Against Caprius ................................ 8

CONCLUSION ............................................................................................ 8

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82 (2d Cir. 1991) ...................................... 4,8

Burns v. King, 160 Fed. Appx. 108 (2d Cir. 2005) ............................................... 4

Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co., 93

    F.3d 1064 (2d Cir. 1996)......................................................................... 4, 7

Fashionwear (PVT) Ltd. v. Regatta (U.S.A.) LLC, 03 CV 05597(JFK),

    2006 U.S. Dist. LEXIS 11421 (S.D.N.Y. 2006)............................................ 7

Greenfield v. United Airlines, Inc., 07 CV 01984(DLI), 2007 U.S. Dist.

    LEXIS 41609 at * 7 (E.D.N.Y. 2007)....................................................... 4

Kamat v. Kurtha, 05 CV 10618 (KMW)(THK), 2007 U.S. Dist. LEXIS

    4593 (S.D.N.Y 2007) ........................................................................... 7

Scherer v. Equitable Life Assurance Society, 347 F.3d 394 (2d Cir. 2003)..................... 4

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) ................................. 4

Tongkook Am., Inc., v. Shipton Sportswear, Co., 14 F.3d 781 (2d Cir.

    1994) ................................................................................................ 4, 8

Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199 (2d Cir. 1982) ................................... 7

## <u>Rules and Statutes</u>

Federal Rule of Civil Procedure 12(b)(1) ......................................................... 4

28 U.S.C. § 1332(a) ..................................................................................... 3

## PRELIMINARY STATEMENT

Plaintiff Goldstar Medical Corp. (hereinafter "Goldstar" or "Plaintiff " or "Plaintiff Goldstar"), by its attorneys, The Boyd Law Group, PLLC, respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss Plaintiff's complaint submitted by Defendants Caprius, Inc.("Caprius") and MCM Environmental Technologies, Inc. ("MCM")(collectively "Defendants'). For the reasons set forth herein and in the Affidavits of Patrick J. Boyd and Joel Shain, Defendants' motion to dismiss Plaintiff's complaint under Rule 12(b)(1) must be denied.

This is a very simple contract case. Plaintiff Goldstar contracted with Defendants Caprius and MCM to perform a consulting service which would help Defendants grow their business. Plaintiff's performed the service and Defendants' business has grown as a result. Defendants concede this point, but have neither paid for the services rendered nor provided records sufficient for Plaintiff to determine its entitlement in detail.

At this juncture, Defendants seek dismissal under Rule 12(b)(1) alleging that less than $75,000 is owed to Plaintiff Goldstar. Defendants make this assertion based upon their own limited framing of the contract, and based upon their own one-page summary of their financial data.

While common sense tells us that Defendants should not be permitted to define their own liability, case law and procedural rules bear this reality out. Only full discovery will allow Plaintiff, and the Court, to determine how much Defendant ultimately owes Plaintiff. In accordance with the case law cited below, and the Affidavit of Joel Shain, Plaintiff has sufficiently established a good faith basis for believing that this liability is in excess of $75,000. This is all that is required of Plaintiff at this time.

Plaintiff respectfully requests, therefore, that Defendants' Motion to Dismiss be denied as a matter of law.

## STATEMENT OF FACTS

Plaintiff Goldstar is a marketing and consulting firm with particular ties of significance to the medical community.  In 2003, Plaintiff Goldstar commenced negotiations with Defendants MCM and Caprius relating to the sales of certain SteriMed systems.  These systems shred and disinfect certain regulated medical waste.  Compl. ¶19.  The negotiations also related to the sales of certain bags and solutions which are required for use of SteriMed systems.  See Shain Aff at 13.  In particular, Goldstar was to introduce Defendants to potential purchasers of these items.

In light of Plaintiff Goldstar's impressive connections, on or about November 17, 2003, MCM CEO George Aaron executed a contract with Goldstar.  Compl. ¶20, 23. The contract specifically provided, inter alia, that if "MCM enters into a commercial agreement with any entity that is a direct result of an introduction or sales effort made by Goldstar…MCM agrees to pay Goldstar a sales commission, based upon net sales receipts to MCM for units sold' subject to a particular schedule.  Compl. ¶24.  The contract also contained a basic schedule for commissions on sales and rentals, but did not refer to the consumable items referenced above despite the fact that the parties agreed on this issue. Compl. ¶25.

In reliance on this contract, Plaintiff Goldstar dedicated significant time, effort and expense in establishing meaningful contacts to facilitate the sale and/or rental of SteriMed units.  Compl. ¶28.  Most importantly, Plaintiff Goldstar was able to establish a meaningful relationship with DaVita, a company that provides dialysis services to

1,300 outpatient dialysis facilities and acute units in over 800 hospitals. Compl. ¶29, 30. Because of Goldstar's hard work and dedication, DaVita agreed purchase a number of SteriMed units in 2007.  Compl. ¶36.  The sales were made and Goldstar invoiced Defendant MCM for commissions on the sales.  Defendants have not, in any way, paid Plaintiff for any of the commissions earned under the contract and pursuant to the invoices tendered. Compl. ¶44.  Defendants have also refused to pay Plaintiff, as agreed, for the consumables that are required for the use of SteriMed units or for the third party relationships and sales resulting from Plaintiff's introduction.   See Shain Aff. at ¶25-26.

More onerous still, Defendants MCM and Caprius have continued to take advantage of the relationship Plaintiff Goldstar facilitated with DaVita to make additional sales without providing Plaintiff Goldstar with any accounting of these sales. Compl. ¶45.  Without full discovery it is difficult to assess the exact figure, but notwithstanding Defendants' submissions it is likely that the amount in dispute exceeds $75,000.  See Shain Aff. at ¶2.

**ARGUMENT**

I.    **Defendants' Motion to Dismiss is Based on Conclusory Allegations That are Premature at this Pre-Discovery Juncture**

Under 28 U.S.C. § 1332(a), jurisdiction is conferred upon federal district courts where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"  28 U.S.C. § 1332(a). This monetary threshold, however, does not bar plaintiffs who seek the jurisdiction of the federal courts with a good faith belief that the value of their claims exceeds this amount, but cannot ascertain the exact amount at the commencement of the action for

evidentiary reasons.  While plaintiff has the burden of establishing with reasonable probability that the claim is in excess of the jurisdictional threshold, the value of the claim is determined from the complaint itself, so long as the claim is made in good faith. Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co., 93 F.3d 1064, 1070 (2d Cir. 1996); Burns v. King, 160 Fed. Appx. 108, 111 (2d Cir. 2005).  Courts can establish plaintiff's good faith through the pleadings, and also, "any facts on that subject adduced in discovery."  Chase Manhattan, at 1070; Greenfield v. United Airlines, Inc., 07 CV 01984(DLI), 2007 U.S. Dist. LEXIS 41609 at * 7 (E.D.N.Y. 2007).

Defendants seeking to negate this jurisdictional claim face a very different burden.  In order to grant a 12(b)(1) motion to dismiss based on the statutory threshold, the court must find to a legal certainty that plaintiff cannot recover $75,000 or more. Chase Manhattan, at 1070; St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  In fact, the "legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim."  Chase Manhattan, at 1070, citing Tongkook Am., Inc., v. Shipton Sportswear, Co., 14 F.3d 781, 785 (2d Cir. 1994); Scherer v. Equitable Life Assurance Society, 347 F.3d 394, 397 (2d Cir. 2003).  Where there is uncertainty, furthermore, the courts should find in favor of the subjective good faith of the plaintiff.  Tongkook Am., at 786 (internal citations omitted).  Dismissal is inappropriate if plaintiff has not had a reasonable opportunity to show her good faith in asserting the possibility of recovering more than the jurisdictional amount.  A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 88 (2d Cir. 1991).

**i.    Defendants' Limited Presentation of Facts Fails to Defeat Plaintiff's Jurisdictional Claim to a Legal Certainty**

4

Although Defendants allege that they can prove to a legal certainty that the jurisdictional threshold cannot be met in this case, the limited facts they present to support this allegation fail to meet the burden. Defendants' argue that the gross sales that Goldstar's commissions would be calculated upon are limited to $474,669. In support of this assertion, however, they provide bare and incomplete documentation consisting of eight invoices and one summary sheet. From this minimal, voluntary disclosure, Defendants declare Goldstar's recovery is only $47,467 based upon a 10% commission rate. This assertion is flawed under the facts of the case and insufficient under applicable law.

First, the invoices that Defendants have selectively presented do not provide a complete or accurate picture of the net sales figure that Goldstar has generated for MCM. Under the terms of the agreement, Goldstar is entitled to receive a 10% commission on all orders from the DaVita account, and all other accounts attributable to Goldstar. Compl. at Ex. A.; Compl. at Ex. B. Neither the 2003 Letter Agreement nor the 2005 Letter restricts the scope of Goldstar's entitlement to the sales of system equipment only. Defendants, however, have completely omitted all sales figures relating to the range of consumable supply products that are required for the SteriMed systems. Just one Senior SteriMed unit, for example, would require the purchase of approximately 25 to 30 quarts of SterCid Solution per month at $7.50/qt or more, depending on the site's usage. Shain Aff. at ¶ 16. Because Defendants did not include revenue generated by these consumables at all, their figure is incomplete at best.

Defendants' presentation of the sales figures is also incomplete and inaccurate because they fail to include pending orders that were subsequently fulfilled. In particular,

the invoices that Defendants have chosen to submit contain certain orders that are marked off as having been cancelled.  Joels Aff. at Exhibit 3.  In truth, however, orders that are labeled as such can also lead to revenue, as the term is used loosely to include those orders that are pending transfer and installment to a different location.  Shane Aff. at ¶ 23.  This additional selective presentation of the facts on the part of the Defendants reveals the flaws in their assertions.

In this vein, it is also notable that Defendants have chosen to provide a total of eight invoices relating to DaVita during the limited time period from January 2006 to August 2007.  The agreement between Goldstar and MCM was entered into in 2003, and the lack of financial data pertaining to several contract years is alarming.  The lack of detailed information in the summary spreadsheet provided by Defendants also support Plaintiff's suspicion that Defendants have chosen not to provide the most complete or accurate version of its records, such as a portion of the books or tax records that MCM regularly maintains.[1]

Additionally, the history of Defendants' conduct prior to this proceeding only adds to the factual dispute at issue.  For instance, although Defendants do not dispute that a commissions agreement was entered into by the parties at this point, MCM previously denied knowledge of the agreement when Goldstar submitted its invoices.  Compl. ¶ 39.  Next, MCM attempted to renegotiate the payment terms of the agreement, notwithstanding the 2003 Letter Agreement and the 2005 Letter that it now freely acknowledges.  Compl. ¶ 40-41.  Based on such facts, the documents presented by Defendants cannot be relied upon and will continue to be disputed until Plaintiff obtains

---

[1] The spreadsheet contains a number of date and typographical errors, and not even the most basic details regarding the ten pending leases, such as expected fulfillment date or the content of the order.  Joels Aff. at Exhibit 3.

access to a complete and credible range of data.  Under these circumstances it is clear that

there is no certainty in Defendants' allegations at this point, legal or factual.  Fashionwear

(PVT) Ltd. v. Regatta (U.S.A.) LLC, 03 CV 05597(JFK), 2006 U.S. Dist. LEXIS 11421

at *6 (S.D.N.Y. 2006)(finding that dispute over invoices in a breach of contract claim

was not enough to negate plaintiff's good faith belief in claim amount).

     Prior to discovery, Plaintiff cannot establish the dollar amount of the net sales that

are attributable to Goldstar under the terms of the agreement.  This inability, however,

does not negate Plaintiff's good faith belief that more than $75,000 is owed.  See Chase

Manhattan, at 1071 (finding dismissal unwarranted where plaintiff had incurred no costs

giving rise to defendant's liability at the time of filing, but believed it might incur such

costs in the future); see also Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d

Cir. 1982)(stating that even if plaintiff's likelihood of actually recovering the

jurisdictional amount is questionable, dismissal is not warranted.)  Plaintiff believes,

without a question, that a complete and accurate accounting will reveal a much greater

sum than that revealed by Defendants' minimal disclosures thus far.  It must also be

noted in Plaintiff's favor that Goldstar's entitlement continues to and will continue to

increase, as it will continue to earn commissions on the existing accounts.  See Kamat v.

Kurtha, 05 CV 10618 (KMW)(THK), 2007 U.S. Dist. LEXIS 4593 at *6-8 (S.D.N.Y

2007)(finding dismissal improper where the value of the artwork that plaintiff's recovery

was grounded upon was unascertained but could possibly exceed jurisdictional

minimum); see also Fashionwear at *6.  As such, Plaintiff's good faith belief in the

amount of its claim cannot be negated.

     Plaintiff's entitlement in this case can only be fully ascertained through records

solely in Defendants' control and custody.  Plaintiff must be afforded the opportunity to obtain a full and accurate accounting of the payment it is owed through the discovery process.  See supra A.F.A. Tours, Inc. at 88; see also Tongkook at 786 (stating that plaintiff's good faith may be assessed from facts obtained in discovery).   Defendants' motion, therefore, is not sufficient to rebut the presumption of good faith afforded to Plaintiff's claims, and must be denied.

ii.    **Plaintiff Goldstar is Willing to Withdraw its Claims Against Caprius**

Discovery may establish that the structure of MCM was manipulated in a manner which meaningfully blurred the distinction between Caprius and MCM.  On this point, however, Goldstar concedes that there is a greater burden of proof required of Plaintiff, even at the pleading phase.  As Defendants note, Caprius is not a named party to the agreement at issue, and Plaintiff has insufficient evidence that would show Caprius operated as a single entity with MCM.  As such, Plaintiff is willing to withdraw its claims against Defendant Caprius, leaving open the possibility of re-filing should subsequent events or discovery shed light on Caprius' liability.

## <u>CONCLUSION</u>

For all the foregoing reasons, and based upon all the documents incorporated by reference herein, Plaintiff respectfully requests that the Court denies Defendants' Motion to Dismiss Plaintiff's Complaint, and for such other and further relief as this Court deems just and proper.


Dated:  New York, New York
        March 21, 2008

THE BOYD LAW GROUP, PLLC


By:  /s/ Patrick J. Boyd_____
    Patrick J. Boyd
    Attorney for Plaintiff
    230 Park Avenue, Suite 1000
    New York, New York 10169


cc:    Robert A. O'Hare Jr., Esq.
       Files

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 21, 2008, I served copies of the foregoing Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss upon counsel of record for Defendants by forwarding a true copy of the same to the ECF system, for service via electronic mail, addressed as follows:

> Robert O'Hare, Esq.
> Email:  rohare@ohareparnagian.com

Dated:  March 21, 2008                    THE BOYD LAW GROUP, PLLC
       New York, New York

                                       By: /s/ Patrick J. Boyd
                                       Patrick J. Boyd
                                       Attorneys for Plaintiff
                                       230 Park Avenue, Suite 1000
                                       New York, New York 10169
                                       Telephone:  212-808-3054
                                       pboyd@theboydlawgroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
GOLDSTAR MEDICAL CORP.,                          :
                                                 :
                    Plaintiff,                   :
                                                 :    Case No. 07 CV 11269 (DC)
           -against-                             :
                                                 :
CAPRIUS, INC. and MCM ENVIRONMENTAL             :
TECHNOLOGIES, INC.,                              :
                    Defendants.                  :
-------------------------------------------------------- X


STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:


        PATRICK J. BOYD, being duly sworn, deposes and says:

1.  I am an attorney admitted to practice before this Court and the founder of The Boyd
    Law Group, PLLC.

2.  I am counsel to Plaintiff Goldstar Medical Corp..

3.  I make this Affidavit in support of Plaintiff's motion in opposition to Defendant's
    motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure
    12(b)(1).

4.  I declare under penalty of perjury that the foregoing statements in this affidavit are
    true and correct.




                                      By: /s/ Patrick J. Boyd_____
                                          Patrick J. Boyd

Sworn to before me this
21 day of March, 2008

_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GOLDSTAR MEDICAL CORP.,              :
                                         :
                  Plaintiff,       :
                                         :
        -against-         :   Case No. 07 CV 11269
                                         :
CAPRIUS, INC. and MCM ENVIRONMENTAL   :
TECHNOLOGIES, INC.                 :
                                       :
                  Defendants.   :
-------------------------------------------------------------- X

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

       JOEL SHAIN, being duly sworn, deposes and says:

1.  I am the President of Plaintiff Goldstar Medical Corp. (hereinafter "Goldstar").

2.  I make this Affidavit in opposition to Defendants' Motion to Dismiss the complaint on the basis of the fact that the amount in controversy does meet the $75,000 jurisdictional minimum, and that the relationship between Defendant Caprius, Inc. ("Caprius") and Defendant MCM Environmental Technologies, Inc. ("MCM") must be explored further in order to determine whether or not Caprius is an appropriate Defendant.

3.  Goldstar is a marketing and consulting firm specializing in the sales and marketing of medical supplies, with more than ten (10) clients in the last seven years.

4.  Since at least 2003, I was involved in negotiating a sales and marketing commission agreement with MCM on behalf of Goldstar.

5.  On or about November 17, 2003, Goldstar and MCM entered into an agreement.

6.  The terms of the agreement provided that MCM would pay Goldstar sales commissions

for net sales resulting from all commercial agreements MCM entered into through
Goldstar's sales and marketing efforts.

7. As the language of the agreement indicates, the parties understood that the
commissions due to Goldstar would be based upon all revenue generated as a direct
result of Goldstar's efforts.

8. This basis would certainly include all revenues derived from accounts created through
Goldstar's efforts, including third party sales from such accounts.

9. Based upon this agreement, Goldstar dedicated its resources to generating new business
accounts for MCM.

10. In particular, Goldstar engaged in marketing efforts for MCM's SteriMed systems.

11. The SteriMed systems are used in the treatment and disposal of medical waste, and
function in conjunction with a variety of consumable products such as the SterCid
disinfecting/sanitizing liquid and filter bags.

12. Because these products are used in conjunction with the SteriMed systems, purchasers
or rental users of these systems must also obtain these products from MCM on an
ongoing basis.

13. Goldstar is entitled to commission on the sales revenues from these consumable
products, as well as the SteriMed systems pursuant to our agreement with them.

14. The sales figures presented by Defendants in the Declaration of Jonathan Joels and
referenced in their Memorandum of Law, however, do not account for any sales of such
products.

15. All systems sold to DaVita, the account referenced in the Affidavit of Jonathan Joels,

2

requires the consumption of these essential supplies on a monthly basis.

16. For example, a Senior SteriMed system will require about 25 to 30 quarts of SterCid per month at $7.50/qt and about 30 filter bags a month at 75 cents/bag, depending on usage.

17. A Junior SteriMed system may use about 20 quarts of SterCid.

18. In addition, as DaVita is a company that provides dialysis services to more than 1,300 outpatient dialysis facilities and acute units in over 800 hospitals, substantial business is generated through the DaVita account each month.

19. MCM obtained the DaVita account through the sales and marketing efforts of Goldstar.

20. The amount of Goldstar's commissions, therefore, must be based upon an accounting of all revenues generated through the DaVita account up to the present, and of future revenues for the duration the contract between Goldstar and MCM.

21. As a result, the sales figures presented by Defendants do not represent a full and accurate basis upon which the amount of commissions due to Goldstar can be calculated.

22. Furthermore, the spreadsheet annexed as Exhibit 3 to the Declaration of Jonathan Joels makes references to cancelled orders.

23. In prior discussions, however, I have been told by Elliott Koppel, the Vice President of Sales and Marketing at MCM, that cancelled orders refer to circumstances where a system is temporarily held at one location and scheduled to be transferred to and installed at another location.

24. Goldstar is also entitled to commissions on these kinds of pending orders upon

3

subsequent satisfaction of the order.

25. In addition, it my understanding that Defendants have been doing business with Talecris, formerly IBR, an entity Goldstar facilitated contact with.

26. To this extent, Goldstar should be entitled to commissions for sales resulting from the Talecris relationship pursuant to the agreement.

27. Again, as a result, the sales figures presented by Defendants do not represent a full and accurate basis upon which the amount of commissions due to Goldstar should be calculated.

Dated: March 21, 2008
New York, New York

By: _____
Joel Shain

Sworn to before me this
_21_ day of March, 2008

_____
Notary Public

HARVEY S. BERK
Notary Public, State of New York
No. 01BE4751634
Qualified in Rockland County
Term Expires February 28, 20//

4