O'HARE PARNAGIAN LLP
Robert A. O'Hare Jr. (RO 6644)
82 Wall Street, Suite 300
New York, NY 10005
212-425-1401
212-425-1421 (f)

Attorneys for Caprius, Inc. and MCM Environmental Technologies Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOLDSTAR MEDICAL CORP.,

                              Plaintiff,

            Case No.: 07 CV 11269 (DC)

        - against -

CAPRIUS, INC., and MCM ENVIRONMENTAL
TECHNOLOGIES, INC.,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

Defendants Caprius, Inc. ("Caprius") and MCM Environmental Technologies, Inc. ("MCM"; together, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Goldstar's claims are quickly evaporating.

First, Goldstar admits that its claims against Caprius should be withdrawn because of a complete inability to articulate any theory of liability against Caprius.

Second, rather than submit <u>any</u> proof or allege <u>any</u> fact to refute Defendants' submissions demonstrating that the amount in controversy cannot meet the $75,000 jurisdictional threshold, Goldstar attempts to add claims to the Complaint (without a proposed amendment) and engage in pure speculation as to the sufficiency of the proofs submitted by MCM on the issue of the commissions owed. Indeed, Goldstar now argues that the parties' 2003 Letter Agreement somehow "required" commissions to be paid for so-called consumables used in connection with the SteriMed units, in addition to commissions on the sales and rentals of the units themselves. However, a simple reading of the 2003 Letter Agreement[1] (and the Complaint) completely belies Goldstar's argument on this score. Moreover, Goldstar's speculation, as to whether MCM's proofs accurately reflect sales to which a commission might be applicable, is not based on a single fact put before this Court.

As set forth in the accompanying reply declaration of Jonathan Joels, Chief Financial Officer of each of Caprius and MCM, under no set of facts can Goldstar claim damages in an amount that meets the $75,000 jurisdictional threshold. Accordingly, Caprius cannot invoke this Court's subject matter jurisdiction and its Complaint should be dismissed.

---

[1] Defined terms herein shall have the meaning ascribed to them in Defendants' initial moving papers.

## ARGUMENT

### I.

### GOLDSTAR CONCEDES THAT THE CLAIMS AGAINST CAPRIUS MUST BE DISMISSED

Goldstar concedes in its opposition that it is "willing to withdraw its claims against Defendant Caprius." (Goldstar Opp. Mem. at 8.) Indeed, Defendants established in their moving papers that the claims against Caprius must be dismissed because it was not a party to the agreement between Goldstar and MCM, and Goldstar has alleged no alternative basis for liability. However, while Goldstar concedes this point, it requests that it be permitted to simply "withdraw its claims against Defendant Caprius, leaving open the possibility of re-filing should subsequent events or discovery shed light on Caprius' liability." (Goldstar Opp. Mem. at 8.)

Goldstar should not be permitted a simple tactical withdrawal. The claims against Caprius should be dismissed with prejudice.[2]

### II.

### GOLDSTAR ATTEMPTS TO SALVAGE ITS CLAIMS BY ARGUING FACTS NEITHER PREVIOUSLY ALLEGED NOR SUPPORTED BY THE ALLEGED AGREEMENT

In an effort to bolster its argument that this case involves claims in excess of $75,000, Goldstar now argues that the 2003 Letter Agreement somehow covers sales of "consumable items," in addition to the sales or rentals of SteriMed units. (Goldstar Opp. Mem. at 2, 5; Shain Aff'd ¶ 13.) A plain reading of the Complaint alleges no such entitlement. In fact, there are no facts alleged to even support such theory of recovery.

---

[2] Curiously, although Goldstar's memorandum of law states it will withdraw its claims against Caprius, Joel Shain, in his affidavit opposing the motion, requests that the relationship between Caprius "be explored further in order to determine whether or not Caprius is an appropriate Defendant." (Shain Aff'd ¶ 2.)

2

More importantly, a simple reading of the 2003 Letter Agreement demonstrates that it provides no such entitlement. In fact, Goldstar readily admits this in its opposition papers and states: "[t]he contract also contained a basic schedule for commissions on sales and rentals, <u>but did not refer to the consumable items referenced above</u> despite the fact that the parties agreed on this issue." (Goldstar Opp. Mem. at 2 (emphasis added).)

The relevant language of the 2003 Letter Agreement is dispositive on this point: "MCM agrees to pay Goldstar a sales commission, based upon net sales receipts to MCM for units sold or placed on rental according to the final schedule below." The final schedule set forth in the 2003 Letter Agreement deals exclusively with sales of "SteriMed Senior" and "SteriMed Junior" units, or the rentals thereof. (Compl. Ex. A.) No fair reading of the 2003 Letter Agreement can lead one to believe it now covers "consumables," and no facts have been alleged to support this tortured interpretation. In fact, as demonstrated in the reply declaration of MCM's Chief Financial Officer, it is illogical for Goldstar to now argue that commissions would be paid for the sale of consumables because such sales are made to national distributors not directly to end-users of SteriMed units. (<u>See</u> Reply Declaration of Jonathan Joels executed on March 28, 2008, at ¶ 7.)

Accordingly, Goldstar should not be permitted to make this wholly unsupported and illogical argument in an effort to manufacture an issue concerning the monetary jurisdictional threshold.

## III.

## GOLDSTAR'S BASELESS SPECULATION CANNOT SUPPORT ITS PURPORTED "GOOD FAITH" BELIEF AS TO THE AMOUNT IN CONTROVERSY

Lastly, Goldstar cannot establish a good faith belief as to the amount in controversy because such belief is based on pure speculation.

Goldstar would readily admit that it is only entitled to a commission for sales as a "direct result of an introduction or sales effort made by Goldstar." (Compl. ¶ 24; Compl. Ex. A.) Thus, even though Goldstar was required to be actively involved so as to earn its commission, Goldstar submitted only a single invoice to MCM in the amount of $10,000 for its activities. (See Jonathan Joels Declaration executed on February 29, 2008, Ex. 2.) Indeed, one would expect that Goldstar should at least have a basic knowledge of the sales attributable to its efforts. Yet, rather than allege any facts to support its new claims, Goldstar simply speculates on the veracity of MCM's sales figures and argues that discovery might somehow reveal evidence to satisfy the $75,000 threshold.[3]

First, speculation will not suffice in the face of proof submitted by a defendant. In Tongkook America, Inc. v. Shipton Sportswear Company, 14 F.3d 781 (2d Cir. 1994) – a case cited by Goldstar – the Second Circuit reasoned that proofs can satisfy the certainty required to show that the plaintiff was never entitled to recover up to the required

---

[3] Goldstar argues that commissions on "future revenues for the duration of the contract between Goldstar and MCM" should be part of the consideration of the jurisdictional threshold. (Shain Aff'd ¶ 20.) First, the 2003 Letter Agreement was terminated on January 11, 2008. Moreover, disputed amounts for purposes of the jurisdictional threshold are calculated as of the date of the complaint, not some time in the future as suggested by Goldstar. See Sherer v. The Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003).

4

jurisdictional amount. <u>Tongkook</u>, 14 F.3d at 784. Here, Defendants have submitted proof, Goldstar has submitted nothing.[4]

Likewise, Goldstar cannot rely on an argument that discovery might expose facts to support its claim of the jurisdictional minimum. See <u>Graubart v. Jazz Images, Inc.</u>, 2006 WL 1140724 (S.D.N.Y. 2006) (holding that plaintiff who "files a federal suit with no basis that the stakes exceed $75,000, and then uses the discovery process to have the merits resolved ahead of any jurisdictional inquiry . . . does nothing other than confess a violation of Rule 11") (quoting <u>Macken ex. rel. Macken v. Jensen</u>, 333 F.3d 797, 800-01 (7th Cir. 2003).[5]

Accordingly, speculation and hope in the face of countervailing proof cannot be a substitute for a <u>factually-based</u> good faith belief in jurisdiction.

---

[4] For these purposes, the Court is referred to each of the declarations of Caprius and MCM's Chief Financial Officer, Jonathan Joels.

[5] None of the cases cited by Goldstar supports its reliance on speculation and hopeful discovery. In <u>A.F.A. Tours, Inc.</u>, 937 F.2d 82 (2d Cir. 1991), evidence in the record supported plaintiff's claims. In <u>Scherer v. The Equitable Life Assurance Society of the U.S.</u>, 347 F.3d 394 (2d Cir. 2003), the case was remanded following a district court's dismissal because the Second Circuit held that an affirmative defense could not be used to bring the amount in controversy below the jurisdictional threshold. A similar result was reached in <u>Zacharia v. Harbor Island Spa, Inc.</u>, 684 F.2d 199 (2d Cir. 1982). These cases lend no support to Goldstar's argument, and have no application to the present facts.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

Dated: New York, New York
       March 28, 2008

                                    O'HARE PARNAGIAN LLP

                                    /s/ Robert A. O'Hare Jr.
                                    Robert A. O'Hare Jr. (RO 6644)
                                    Andrew C. Levitt (AL 8183)
                                    82 Wall Street, Suite 300
                                    New York, NY 10005-3686
                                    (212) 425-1401

                                    *Attorneys for Defendants*
                                    *Caprius, Inc. and MCM Environmental*
                                    *Technologies, Inc.*