UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GOLDSTAR MEDICAL CORP.,

      Plaintiff,

    - against -

CAPRIUS, INC. and MCM ENVIRONMENTAL
TECHNOLOGIES, INC.,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index no. 07 CV 11269 (DC)

ECF Case

### REPLY DECLARATION OF JONATHAN JOELS IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

I, JONATHAN JOELS, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I am the Chief Financial Officer of each of the defendants Caprius, Inc. ("Caprius") and MCM Environmental Technologies, Inc. ("MCM"; together "Defendants").

2. I submit this reply declaration in further support of Defendants' motion to dismiss the complaint on the grounds that the amount in controversy does not meet the $75,000 jurisdictional threshold and that Caprius should not be a party to this action.

3. Caprius is a public company and its financial data upon which I have relied for this declaration is the result of audited financials of an independent financial accounting firm and to which I have previously sworn to be an accurate and complete representation of the financial results of each of MCM and Caprius.

### PURPORTED TALECRIS COMMISSIONS

4. Contrary to the unsupported statements of Goldstar's Joel Shain, the 2003

Letter Agreement (or the 2005 Letter) would not provide for commissions to be paid on sales to Talecris, as this relationship did not result from any introduction or direct sales efforts by Goldstar. Moreover, MCM's business with Talecris did not result in the sale of SteriMed equipment to this customer. Revenue from this customer was derived from rental income, as well as freight, packaging costs, and equipment repair income.

5. However, if the Court were to determine that revenue from Talecris should be used to calculate commissions owed to Goldstar, the total net revenue received from this customer for commission purposes was $19,156.50. Thus, assuming a 10% commission, Goldstar's claim would be increased by only $1,915.65. Attached as Exhibit A is a purchase order from Talecris reflecting the revenue associated with that customer.

### PURPORTED CONSUMABLES COMMISSIONS

6. In respect of Goldstar's unsupported argument that commissions were also due on the sales of consumables (chemicals and filter bags), it is important to note that MCM does not sell chemicals to its SteriMed customers. MCM only sells wholesale chemicals to two nationwide distributors which, in turn, sell to users of SteriMed units. As such, MCM is unable to track sales of consumables to DaVita or any other purchaser for that matter.

7. Indeed, the sale of consumables (chemicals and filter bags) was never contemplated for commission purposes under the 2003 Letter Agreement. In particular, the 2003 Letter Agreement expressly limits commissions to sales or rentals of units of SteriMed Junior and Senior. Moreover, the fact that the sales of consumables is made to wholesale distributors (and not end users of SteriMed units) completely destroys Goldstar's tortured reading of the 2003 Letter Agreement that commissions should somehow apply to these sales.

8. Notwithstanding the fact that the 2003 Letter Agreement does not cover

consumables (chemicals and filter bags), for illustrative purposes, Exhibit B sets forth consumables sales for the relevant period. The following hypothetical will demonstrate that under no set of facts can Goldstar claim damages in the amount of the jurisdictional threshold.

9. DaVita received its first SteriMed unit in December of 2006, thus its consumable purchases from distributors would relate to only a small portion of MCM's total wholesale revenue. Since October 1, 2006 to date, total sales of all consumables to distributors in the United States are $54,598. If one were generously to find that all of these consumables sales related to DaVita, and if the Court were to apply the 10% commission to these sales, then the resulting increase in the value of Goldstar's potential claim would only be $5,458.

## SUMMATION OF TOTAL POSSIBLE DAVITA, TALECRIS, AND WHOLESALE CONSUMABLE SALES

10. In my prior sworn declaration in this matter, I had asserted that if the Court were to assume (for purposes of this motion only) that Goldstar is entitled to a commission for the entire $449,869 in gross sales (both directly sold and indirectly leased to DaVita) and that the commission rate was 10%, Goldstar's total claim for damages would be less than $45,000. Accordingly, if we now were to add to this claim the 10% commissions from Talecris ($1,916) and the 10% commission on all applicable sales of consumables to distributors ($5,458), then the total claim for damages would be less than $52,500 – an amount still below the jurisdictional threshold.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 28, 2008.

/s/ Jonathan Joels
Jonathan Joels

# EXHIBIT A



Purchase Order Number: TPR90210407000390
Date: 4/30/2007

| | | |
|---|---|---|
| Supplier: | MCM Environmental Technologies, Inc. | Ship To: TPR Plasma Center |
| Address: | One Universal Plaza, Suite 400 | 79 T.W. Alexander Dr., Bldg 4401 |
| | Hackensack, NJ 07601 | Research Triangle Park, NC 27709 |
| | | Attention: Tim Rainey |
| Contact: | | Bill To: Talecris Plasma Resources |
| Phone: | 2013421222 | ATTN: Accounts Payable |
| Fax: | 2019680393 | 1100 Carmellia Blvd., Suite 201 |
| Account #: | | Lafayette, LA 70508 |
| Payment Terms: | | Fax: 225-208-1835 |
| Freight Terms: | | |

Confirmed With: _____  Date Confirmed: _____

Direct all inquiries regarding this PO to Vera Scott:

Buyer Telephone: 9199903747
Buyer Fax No: 9199903757
Buyer eMail Address: vera.scott@talecris.com

| Line | Qty | UoM | Part # | Description | Price | Ext. Total |
|---|---|---|---|---|---|---|
| 1 | 1 | | | Removal of the SeriMed Senior w/Separator from the TPR Roanoke, Virginia Plasma Center | $19,156.50 | $19,156.50 |
| | | | | | TOTAL | $19,156.50 |

Notes: MCM installed equipment in December of 2005 per a trial agreement prior to purchase under an IBR concept. No purchase decision was ever achieved and equipment has been idle since Feb. 06. Costs incurred include monthly rental fees as well as refurbishment of the equipment due to improper shutdown and storage while not in use.

Approved By _____   Date 04/30/2007

# EXHIBIT B



Exhibit B

**Revenue from Machinery and Consumables ( Filter Bags and Chemicals )**

| | October 1, 2003 - September 30, 2004 | October 1, 2004 - September 30, 2005 | October 1, 2005- September 30, 2006 | October 1, 2006- September 30, 2007 | October 1, 2007- February 28, 2008 | Total |
|---|---|---|---|---|---|---|
| MCM Environmental Technologies Inc. ("USA") | | | | | | |
| SteriMed Machinery Sales | $0.00 | $293,496.00 | $329,375.00 | $935,179.00 | $309,900.00 | $1,867,950.00 |
| Total Revenue | $0.00 | $326,893.00 | $569,640.00 | $976,914.00 | $322,763.00 | $2,196,210.00 |
| Disposable Revenue | $0.00 | $33,397.00 | $240,265.00 | $41,735.00 | $12,863.00 | $328,260.00 |
| % Disposables sales to Total Revenue | 0.00% | 10.22% | 42.18% | 4.27% | 3.99% | 14.95% |